FILED

AUG 0 1 2017

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

HOWARD KERRY GARNER,

    Appellant,

v.

MIKE WEEKS, ET. AL.,

    Appellee.

Case No. 5:17-cv-00036 (RCL)

## MEMORANDUM OPINION

### I. INTRODUCTION

This case comes before the Court on appeal from three separate orders of the Bankruptcy Court regarding the bankruptcy case of Howard Kerry Garner ("appellant" or "debtor"). The debtor appeals the following Orders of the Bankruptcy Court: (1) Order denying Debtor's Emergency Motion for Entry of an Order Authorizing Debtor to Execute Addendum to Contribution Agreement ("Addendum Motion"); (2) Order denying Debtor's Motion to Reconsider Order Denying Debtor's Emergency Motion for Entry of an Order Authorizing Debtor to Execute Addendum to Contribution Agreement ("Motion to Reconsider"); and (3) Order denying Debtor's Emergency Motion for Entry of an Order Authorizing Correction Agreement ("Correction Motion"). Because each motion is an attempt to seek collateral review of the Bankruptcy Court's Remand Order, this Court finds that it lacks subject matter jurisdiction under 28 U.S.C. 1447(d). Consequently, this Court finds it is unnecessary to address whether the Bankruptcy Court erred in denying each of the orders on appeal.

1

## II. BACKGROUND

On September 27, 2012 Howard Kerry Grant ("appellant" or "debtor") brought a suit against Mike Weeks, Linda Weeks, and Weeks Environmental LLC, the appellees in the current case, ("the Weeks") in state court regarding the ownership of Weeks Environmental, LLC. The Weeks filed a separate proceeding in March 2013 seeking a declaratory judgment to determine ownership of the company. The state court subsequently joined the cases ("Weeks Litigation") and "[d]ebtor filed counter-claims against the Weeks for breach of contract, breach of fiduciary duty, declaratory judgment declaring a partnership or joint venture, a demand for accounting, and quantum meruit." Order Den. Debtor's Emergency Mot. for Entry of an Order Authorizing Correction Agreement, or, in the Alternative, to Accept Reassignment of Claims. 2. ECF. No. 84.

On July 31, 2016, debtor filed for Chapter 11 bankruptcy and concurrently removed the pending state court lawsuit in which he was both suing and being sued by appellees. However, almost two years earlier debtor assigned "all right, title, and interest" in the counter-claims of the Weeks Litigation to Garner Resources, LLC ("Garner Resources") in a pre-bankruptcy contribution agreement ("Contribution Agreement"). Appellant's Br. 11. ECF. No. 8. Appellees, the opposing parties in the Weeks Litigation, moved to dismiss the counter-claims only or, alternatively, to remand the entire Weeks Litigation to state court on the grounds that Garner lacked standing. Appellees claimed that Garner no longer owned the lawsuit claims, and the bankruptcy court lacked subject matter jurisdiction over these claims.

Prior to the hearing on appellees' Motion to Dismiss, appellant moved to execute an Addendum to the Contribution Agreement, which was denied by the Bankruptcy Court. Appellant then sought reconsideration of the motion, which was again denied by the Bankruptcy Court. The Bankruptcy Court subsequently announced in open court its decision to remand the Weeks

Litigation given that subject matter jurisdiction did not exist under 28 U.S.C. § 1447(c). As a result, appellant sought permission to correct the Contribution Agreement due to mutual mistake or, alternatively, to accept an assignment of his legal rights back to him and supplemented his motion to approve the Addendum. The Bankruptcy Court denied all motions and this appeal followed.

### III. JURISDICTION AND STANDARD OF REVIEW

#### A. Jurisdiction

"Under 28 U.S.C.S. § 158(a), district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy court[.]" *In re Asarco, L.L.C.*, 650 F.3d 593, 597, (5th Cir. 2011). When a district court reviews the decision of a bankruptcy court it "functions as an appellate court, applying the standards of review generally applied in federal appeals courts." *Harvey Gulf Int'l Marine, Inc. v. Bennu Oil & Gas, LLC*, 559 B.R. 152, 154 (S.D. Tex. 2016).

#### B. Standard of Review

On appeal, a district court "reviews the bankruptcy court's findings of fact under the clearly erroneous standard and its conclusions of law *de novo*." *In re Morrison*, 555 F.3d 473, 480 (5th Cir. 2009). Mixed questions of law and fact are reviewed *de novo*. See *In re Positive Health Mgmt.*, 769 F.3d 899, 903 (5th Cir. 2014). "Matters within a bankruptcy judge's discretion are reviewed for an abuse of discretion." *Mud King Prods., Inc. v. Nat'l Oilwell Varco, L.P.*, 2015 WL 862319 (S.D. Tex. 2015). The standard of review appropriate for each issue raised on appeal——is abuse of discretion. "[D]eference . . . is the hallmark of abuse-of-discretion review." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 143 (1997). A Bankruptcy Court abuses its discretion if "its ruling is based on an erroneous review of the law or on a clearly erroneous assessment of the evidence." *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995) (citations omitted).

## IV. BANKRUPTCY COURT'S DECISIONS

First, on November 9, 2016—in an oral ruling on the record—the Bankruptcy Court found that Debtor could not execute a contract Addendum in order to cure a lack of subject-matter jurisdiction when none existed at the time the case was removed. *See* Order Denying Debtor's Emergency Motion for Entry of an Order Authorizing Debtor to Execute Addendum to Contribution Agreement. ECF No. 78.

Next, the Bankruptcy Court denied Debtor's Motion to Reconsider—without a hearing—given that under Federal Rule of Civil Procedure 60(b) appellant did not provide any basis in which the Bankruptcy Court should reconsider its earlier Order other than the argument that appellant and Garner Resources should be able to reform the contract to correct for their "mutual mistake." *See* Order Denying Emergency Motion for Entry of an Order Authorizing Correction Agreement. 8, ECF No. 100 The Bankruptcy Court acknowledged that reformation is an appropriate tool for modifying a contract to reach its purported intent, but ultimately found that "there is nothing that Debtor can cite to that allows Debtor and Garner Resources to reform the Contribution Agreement to confer subject matter jurisdiction on this Court." *Id.* The Bankruptcy Court found that Debtor already had his "opportunity to have the Court determine what the Contribution Agreement means." *Id.* at 9. The Bankruptcy Court held further, under Rules 9023 and 9024, that Debtor could not provide any basis that required the court to deviate from its prior ruling.[1]

---

[1] Federal Rule of Bankruptcy 9024 states that "[e]xcept as provided in this rule and Rule 3008, Rule 59 F.R.Civ.P. applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment. In some circumstances, Rule 8008 governs post-judgment motion practice after an appeal has been docketed and is pending." FED. R. BANKR. P. 9023 Federal Rule of Bankruptcy 9024 states that "Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(c), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by §727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by §1144, §1230, or §1330. In some circumstances, Rule 8008 governs post-judgment motion practice after an appeal has been docketed and is pending." FED. R. BANKR. P. 9024

4

In the same written Order, the Bankruptcy Court denied Appellant's Correction Motion given that "to allow Garner Resources to assign its interest in the Weeks litigation back to Debtor is nothing less than a subterfuge to avoid this Court's earlier determination that the adversary proceeding be remanded to the state court." *Id.* at 9.

## V. THIS COURT LACKS JURISDICTION TO REVIEW THIS APPEAL

Under 28 U.S.C. § 158(a), this Court has the authority to hear appeals from final orders of the Bankruptcy Court. Here, the orders on appeal are final and were timely filed under § 158(a). However, this Court lacks jurisdiction over the appeals given that review of these orders would effectively violate 28 U.S.C. § 1447(d).

Section 1447(d) dictates that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise" other than in cases involving federal officers or agencies being sued or civil rights. 28 U.S.C. § 1447. "Not only may the order not be appealed, but the district court itself is divested of jurisdiction to reconsider the matter. Thus, even if it later decides the order was erroneous, a remand order cannot be vacated even by the district court." *New Orleans Public Service, Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986).

The Fifth Circuit has found that collateral attacks on a remand order can violate section 1447(d). *See id.* For example, in *Majoue*, the plaintiff filed an action in state court alleging that he was wrongfully discharged by his employer and the employer unsuccessfully attempted to remove the action to federal district court. Subsequently, the employer brought claims against plaintiff in federal court seeking injunctive relief under the Employee Retirement Income Security Act of 1974 ("ERISA"). The district court dismissed employer's claims given that they were not pre-empted by ERISA. However, on appeal, the Fifth Circuit found it unnecessary to address whether the claims were pre-empted by ERISA because they lacked subject matter jurisdiction over the case given that employer's "suit seeking declaratory and injunctive relief [wa]s an attempt to seek

5

collateral review of the district court's original order remanding the case to the state court." *Id.* at 167. More specifically, the Court found that the employer's suit "[wa]s nothing more than an artful, if not subtle, attempt to circumvent the plain language and meaning of 28 U.S.C. § 1447(d), which provides that a remand order "is not reviewable on appeal or *otherwise.*" *Id.* at 168.

While the underlying facts in the present case are distinguishable, this Court finds that the Fifth Circuit's analysis in *Majoue* is instructive. Debtor's Addendum Motion, Reconsideration Motion, and the Correction Motion all seek to establish that debtor reserved his interests in all causes of action in the Weeks Litigation, which would effectively cure the Bankruptcy Court's lack of subject matter jurisdiction. However, the Bankruptcy Court had already remanded the Weeks Litigation to state court given that it lacked subject matter jurisdiction over those proceedings pursuant to 28 U.S.C. § 1447(c). Therefore, if this Court were to reverse the Bankruptcy Court's findings regarding any of the three orders on appeal it would be directly challenging the Bankruptcy Court's underlying rationale for the Remand Order. This Court finds that attacking the underlying rationale of the Remand Order constitutes a creative attempt to by-pass the plain meaning of § 1447(d) just as the employer's suit in *Majoue* "[wa]s nothing more than an artful, if not subtle, attempt to circumvent the plain language and meaning of 28 U.S.C. § 1447(d). *Majoue*, 802 F.2d at 168. Because the orders on appeal are effectively a collateral attack on the Remand Order, this Court finds that it lacks subject matter jurisdiction over the issues on appeal.

## V.   CONCLUSION

For the reasons stated above, this Court finds that it lacks subject matter jurisdiction over these three orders on appeal. These appeals will therefore be dismissed.

A separate order accompanies this memorandum opinion.

                                                                   */s/ Royce C. Lamberth*
                                                                    Royce C. Lamberth
                                                                   United States District Judge

DATE: July 31, 2017